# MARCH, 1948

### H. A. ADCOCK V. THE STATE.

No. 23940. Delivered March 10, 1948.

*J. Webb Stollenwerck, Jr.*, of Hillsboro, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of burglary and his punishment was assessed at confinement in the state penitentiary for a term of four years.

Appellant's only contention is that the evidence is wholly insufficient to sustain his conviction. We agree with him in this respect. It was charged in the indictment that appellant on or about the 15th day of April, A. D. 1947, and anterior to the presentment of this indictment in the County and State aforesaid did then and there unlawfully by force, threats, and fraud break and enter a house, etc. This charged a daytime as well as a nighttime burglary. Art. 1390, P. C., provides as follows:

"He is also guilty of burglary who, with intent to commit a felony or theft, by breaking, enters a house in the daytime."

Art. 1392, P. C., defines entry as follows:

"The 'entry' into a house includes every kind of entry but one made by the free consent of the occupant, or of one authorized to give such consent; it is not necessary that there should be any actual breaking to constitute burglary, except when the entry is made in the daytime."

Therefore, under the allegations in the indictment, the state was required to prove that the accused entered the building by either of the means charged in the indictment. In the instant case, the state not only failed to prove the "breaking" in order to gain an entry into the house but also failed to prove that appellant entered the same at the time in question. Therefore, the evidence is wholly insufficient to justify appellant's conviction. In support of what we have said here, we refer to the following authorities: Livingston v. State, 112 S. W. (2d) 190; Crews v. State, 109 Tex. Cr. R. 545; and Bates v. State, 99 S. W. 551.

Having reached the conclusion that the evidence is wholly insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.