**Wendell Odell STEPHENS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36686.**

Court of Criminal Appeals of Texas.

March 18, 1964.

Rehearing Denied April 22, 1964.

John Patrick McDowell, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced by a prior conviction for burglary with intent to commit theft, 10 years.

The prior conviction was proved as alleged.

The indictment alleged the theft of a suit of men's clothing of the value of over fifty dollars from Weldon Barnett on or about the 8th day of November, 1962.

Weldon Barnett testified that he was a supervisor for Sanger-Harris, a department store located in Preston Center in Dallas, and was assigned to the men's area; that as supervisor he had the care, control and custody of all the men's suits in that department. He identified a new man's suit which had been picked up off the street as having been taken from his department without his consent, and testified in part:

> "Q. I'll ask you if you have an opinion as to the price of this suit, the fair market value of that suit as was sold on November the 8th, 1962.
>
> "A. $55.00.

"Q. $55.00 is the value of the suit?

"A. Right.

"Q. Is there a price tag on the suit?

"A. Yes, sir.

"Q. And what is the value as marked on the price tag?

"A. $55.00.

* * * * * *

"Q. Suit of that same general type sold on November 8th, 1962 for $55.00?

"A. Right.

"Q. That is also what you base your opinion, too, I take it?

"A. Right."

Wilma Gallant, store investigator for Sanger-Harris, testified that she saw Lila Jo Bentley and the appellant in the suit department " * * * and this man was leaning over the woman covering her with his coat sort of with his arm. * * * She took this man's suit off the rack, rolled it up, hanger and all, and stuck it up under her skirt and dropped her skirt, and then they very slowly walked out of the store, him covering her, and helping her all the way to the front door."

"Q. Did they run out of there?

"A. No sir, no, because when she had this suit between her legs she couldn't run.

"Q. Just walked kind of slowly?

"A. Slowly and sort of a shuffling step. * * *

"Q. And what about the man?

"A. The man was helping her along and walking very slowly with her covering her on the way out."

She further testified that outside the store D. L. Hutchinson, Protection Manager for Sanger-Harris, and Mrs. Gallant came up behind the couple. As they stepped off the curb Mr. Hutchinson took ahold of the woman's arm and the suit which had been taken from the store fell out of her dress onto the sidewalk. Both Lila Jo Bentley and the appellant fled, but were soon apprehended and returned to the store.

Mr. Hutchinson testified that when he stopped Lila Jo, the appellant drew back to hit him and he turned her loose and started at him and the appellant broke and ran.

On cross-examination Mr. Hutchinson was asked and answered:

"Q. Did he say anything to you when you finally caught him?

"A. Yes, he did. When I finally caught him, he didn't want me to handcuff him and take him back.

"Q. What all did he say?

"A. That I wasn't going to take him back.

"Q. Did he say he didn't do it?

"A. He didn't do it, she did it, and he was just helping her."

■ Four propositions are advanced upon which reversal is sought. The first three relate to the sufficiency of the evidence: (1) To show that the suit was of the value of $50 or more; (2) To show an intent to deprive the owner of the suit of clothes of its value; and (3) To show that the appellant acted as a principal with Lila Jo Bentley in the taking of the suit.

The evidence above set out is deemed sufficient in each of the particulars mentioned and sufficient to sustain the jury's verdict.

The fourth and last ground for reversal is the contention that the court erred in allowing the state's attorney to read to the jury the judgment and sentence of a prior conviction of the appellant as well as the indictment in the present case.

We are not disposed to depart from our holding in numerous decisions that the state may allege and prove a previous conviction for the purpose of enhancing the punishment under the applicable enhancement statute. (Arts. 61 to 63 P.C.) Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80, cert. denied 361 U.S. 849, 80 S.Ct. 107, 4 L.Ed.2d 88; Welch v. State, Tex.Cr.App., 341 S.W.2d 909; Carso v. State, Tex.Cr. App., 375 S.W.2d 297.

The court in his charge instructed the jury that they could not consider the prior conviction alleged or any evidence relating thereto in passing upon the guilt or innocence of the defendant.

Finding no error, the judgment is affirmed.