Walter BEASLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 37732.

Court of Criminal Appeals of Texas.

Feb. 10, 1965.

Rehearing Denied April 7, 1965.

Second Motion for Rehearing Denied May 5, 1965.

Jack Bodiford, Will Gray, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and W. Louis White, Asst. Dist. Attys., Houston, and

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary with two prior felonies alleged for enhancement; the punishment, confinement in the state penitentiary for life.

State's witness, John M. Jordon, testified that he was a parts man employed at Bill's Auto Parts, 4901 Harrisburg Blvd., in Houston, Harris County, Texas, on November 23, 1963. Mr. Jordon related that the parts store had been broken into twice, shortly before this date. The witness further stated that the two men who owned the business and Jordon, who was their employee, were taking turns staying at the place of business overnight to try to catch burglars. At 3:30 a. m., November 23rd, Jordon testified that he was sleeping on a mattress on the floor upstairs in this place of business, when he awakened and lighted a cigarette. If a noise had awakened him, he did not realize it. But shortly after he awakened, as he lighted the cigarette, he saw appellant and another man coming into the building. The pair came in the front door of the building and then split up. Jordon said that he waited until they got together again, and then " * * * stuck the gun in their face". He held them at gunpoint, required them to lie down, and called police. Appellant then told him there was another man outside, and Jordon went outside with appellant. They found no one. As they came back in, appellant attacked Jordon and tried to take his gun away from him. During this struggle, the gun went off, hitting five cans of paint. Appellant became frightened apparently and ran out the door and down a street. Police arrived and took the other man into custody. They found the hasp had been pried off the front door of the store to gain entrance. Jordon further testified that he had the care, custody and control of the store at the time of the burglary, that all doors and windows were locked the evening before, and that he

had not given appellant nor any other person permission to break into the building. The evidence reflects that appellant and his co-principal had taken merchandise from the shelves of the store before they were surprised by Jordon. Appellant was arrested at the house of a girlfriend at 8410½ Lockwood Drive, in Harris County, Texas, sometime before noon of the same day. The state adduced testimony reflecting that Detective T. J. Smith, of the Houston Police Department, Burglary and Theft Division, made the arrest. Appellant spent the night in jail. The next morning Detective Smith came back on duty at 8:00 a. m. He then took care of various duties, including duties other than talking to appellant, and then brought the appellant down to his office from the jail. At this time he invited appellant to make a statement if he wanted to, whereupon, after being properly warned, appellant made a written statement at 9:45 a. m., November 24, 1964. The pertinent part of this statement was introduced into evidence. In this statement, appellant told of going to Bill's Auto Store on the early morning in question, and told how his co-principal, Johnny Ray Hicks, pried the lock off the door with a tire tool. They went inside and appellant looked for a fuel pump but could not find it. His accomplice got a transmission box and a shift box, which he had put down to open the back door when "the man came with the gun". Appellant also related in his statement how he later pushed the man (Jordon) and broke and ran, got away and was later arrested at his girlfriend's house at 8410½ Lockwood.

The state established proof of the prior offenses with prison records and comparisons of appellant's fingerprints by a fingerprint expert to identify him, and by the testimony of Houston Police Officer Ed Holliday, who testified that he investigated the offense resulting in appellant's conviction in Cause No. 80,053, the second prior conviction alleged and proved, and that it occurred in February of 1957. In addition, the original judgments in both prior convictions

were introduced into evidence, being authenticated by the clerk of the court, and the indictments on the prior offenses were also introduced into evidence, one being an original indictment, and the other being a certified copy of the original indictment.

■ We find the evidence sufficient to sustain the jury's verdict both as to the primary offense and as to the prior convictions for enhancement. Nearly all of appellant's complaints constitute an attack upon the enhancement counts. First, he attacks the indictment by a motion to quash them. Then, by a motion in limine, by an objection in open court to the reading of the indictment while the same contained the enhancement counts, and by an objection to the introduction of evidence showing appellant's guilt of the enhancement counts to support the state's allegations of prior convictions under Art. 63, Vernon's Ann.P.C. Appellant also objected to the Court's charge relating to the prior felony convictions. It is his position that the action of the trial court in ruling adversely to his foregoing motions, objections and exceptions violates the fifth, sixth and fourteenth amendments to the Constitution of the United States. Appellant earnestly insists that our Texas procedure in these enhancement cases is "a symbol of the dark ages". He tells us in his brief of the procedural action taken by some of our sister states and England. We commend him for his diligence. We are, however, constrained to adhere to our previous holdings enunciated by this court many times in the cases of Wigginton v. State, 1965, Tex.Civ.App., 386 S.W.2d 532; Redding v. State, 159 Tex.Cr.R. 535, 265 S.W.2d 811, cert. denied, 348 U.S. 838, 75 S.Ct. 38, 99 L.Ed. 661; Carso v. State, Tex.Cr.App., 375 S.W.2d 297; Stephens v. State, Tex.Cr.App., 377 S.W.2d 189, and Oler v. State, Tex.Cr.App., 378 S.W.2d 857. These contentions are without merit and are overruled.

■ Appellant urges as error the action of the trial court in overruling his objection to the admission of his confession. He contends that the trial court's action violates Art. 727a, Vernon's Ann.C.C.P. and that the failure of the trial judge to make an independent finding of voluntariness as to the confession, brings his case under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 and Lopez v. State, Tex.Cr. App., 384 S.W.2d 345 and Harris v. State, Tex.Cr.App., 384 S.W.2d 349. The record reflects that there was an extended hearing with the jury excluded from the courtroom, relating to the admissibility of appellant's confession into evidence. The issue of voluntariness of the confession was not raised during this hearing or at any other time during the trial. We find no evidence, despite appellant's efforts to bring out such on cross-examination of state's witnesses, to show that there was any involuntary act by appellant in making the confession. The rule of Lopez v. State, supra, and Harris v. State, supra, does not apply. We overrule appellant's contention.

We perceive of no error requiring a reversal. The judgment is affirmed.