**Raymond REAGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40853.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Rehearing Denied Feb. 7, 1968.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joe Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction, under Art. 535d, Vernon's Ann.P.C., is for fondling a child with a prior felony conviction for exposing his private parts with lascivious intent to a female child alleged for enhancement; the punishment, twenty-five years.

As ground for reversal, the appellant insists that the evidence is insufficient to support the conviction for the alleged primary offense.

The prosecutrix testified that she was ten years of age on the day of the trial; that about 2 p. m., August 10, 1966, she was with a babysitter while her father and mother were away at work, and after getting permission, she and a ten-year-old boy went to a neighborhood library. To cross a busy street on the way, she asked the help of the appellant at a nearby service station. The girl related that her mother had told her to ask an adult for help when she felt unable to cross the street alone. While testifying, she identified the appellant as the person who assisted them across the street and on their return from the library. On their return in a short time, the appellant invited them into the station for candy. While the boy was looking around the station, the appellant asked the girl to sit on his lap, which she did, he being seated on a stool inside the station. The appellant then put his hand under her shirt and then went down under her pants. The girl was wearing a loose fitting top and a pair of shorts. She further testified that he put his hand under her shorts and down between her legs in front of her body on her sexual parts, and that he did this two or three times while she was sitting on his lap; that he noticed some black polish on her leg and he suggested they go into the bathroom and he would wash it off, and that she went because she was afraid of him; that after wiping the polish off, the appellant began talking to her about having babies and then started putting his hand up between her legs again. At this time she said a customer drove into the station; that the appellant told her not to tell anyone, especially her mother, or he would come and get her; that he gave her and the boy another piece of candy, and went to the customer; that she ran crying, called the boy, and they threw the candy into a ditch, and on arriving home she told the babysitter what happened, and her parents were called and soon came.

The girl's parents notified the police, and she talked with a policewoman at the police station. Accompanied by two detectives, she went to the service station where she pointed out the appellant who was arrested.

While testifying, the boy, who was with the prosecutrix, identified the appellant as the man at the station who helped them across the street and on their return from the library, gave them some suckers, and the girl sat on appellant's lap while he looked around the station; that later the girl came running from the station real upset and said, "I can't wait to tell my mother," and she was crying as they ran home.

The mother testified that upon her arrival home she found her daughter in a hysterical condition; that they took the girl to the police station. The testimony of the father corroborated that of the mother.

The babysitter testified that the girl was upset, nervous and had been crying when she arrived home, and told her about what had happened, and she notified the mother.

The appellant did not testify, but called five witnesses. Their testimony reveals that the appellant was at the service station during the time here in question. The testimony of four witnesses reveals that they were at the station before, about the time in question and later, but they never saw any girl or boy there. The testimony of the other witness reveals that he was at the station about the time in question; that the appellant was wearing a pair of black boots, and it appeared that appellant was cleaning them when the witness entered the station to use the telephone; and he identified the girl and boy, who were brought into the courtroom while he was testifying, as those at the station when he was there; that they attempted to cross the street but never did while he was there, and he never saw the appellant do anything to the girl, and the boy and girl left before he did.

The evidence is sufficient to authorize the jury to find that the appellant is guilty as charged.

█ █ It is contended that the trial court erred in refusing appellant's motion to quash the indictment alleging that he did "place his hands and the fingers of his hands upon and against the sexual parts" of the prosecutrix, on the ground that these allegations do not charge a criminal offense, and that the indictment is so vague, ambiguous and incomplete as to deprive him of his right to know that with which he stands charged.

The provisions of Art. 535d, V.A.P.C., prohibiting the fondling of a child, in part reads:

"It shall be unlawful for any person with lascivious intent to intentionally place or attempt to place his or her hand or hands, or any portion of his or her hand or hands upon or against a sexual part of a male or female under the age of fourteen (14) years, * * *."

The allegations complained of substantially follow the language of the statute and sufficiently apprise the appellant of the acts he is charged with committing and the offense with which he is charged. No error is shown by the refusal of the motion to quash.

█ By formal bill of exception, the appellant contends that the trial court erred on the ground that the court conditioned his request to make an opening statement to the jury.

In qualifying the bill, the judge stated that he asked counsel what he expected to tell the jury, reminding him that the opening statement would be limited to the matter of the defenses relied upon and the facts he expected to prove in their support, and that he would not permit a general jury argument at that time. At this time, counsel for the appellant stated in open court that he would waive an opening statement; and he took no further action pertaining thereto at that time. No error is presented by the bill.

█ Error is urged on the ground that the trial court erred by failing to rule on appellant's objection on the state's offer to admit into evidence the statement of the prosecutrix, and the state again erred in making such offer in the presence of the jury.

This matter, according to the record, arose and ended as follows:

"Q All right—if the Court please, may I have the statement we have talked about earlier?

"State's Attorney: We would offer it, Your Honor, and we waive any objection.

"Appellant's Attorney: We object to Counsel's statements along that line. We just made demand for the statement, Your Honor.

"The Court: Let's proceed."

While we do not approve of the side-bar remarks of state's counsel, it is concluded that no reversible error is presented.

■ For reversal, the appellant relies upon the ruling of the court following his request of the state for the statement given to appellant's investigator by the boy who was with the prosecutrix at the service station. This ground is presented by the record as follows:

"State's Attorney: Your Honor, can I have the statement that Counsel for the defendant took from him? I offered him mine.

"Appellant's Attorney: This is wholly irregular and we ask for a mistrial, Your Honor.

"The Court: Overruled.

"Appellant's Attorney: Note my exception."

While we do not approve of the side-bar remarks of state's counsel, it is concluded that no reversible error is presented.

■ The remarks of state's counsel during its closing argument to the jury is urged as error.

After the beginning of the closing argument as reflected by two legal size typewritten pages had been made, the following occurred:

"Appellant's Attorney: I object to the remarks of Counsel.

"The Court: Sustained.

"Appellant's Attorney: And ask the jury be instructed to disregard the argument.

"The Court: Let's proceed."

The purported objection fails to point out the portion of the argument complained of and specifies no grounds to support it. No error is presented.

■ Error is urged on the ground that the evidence is insufficient to show a prior conviction, and insufficient to show that the alleged prior conviction was a final conviction.

Certified copies of the judgment and sentence of the records of the Texas Department of Corrections including photographs and fingerprints were introduced. Lieutenant Fullerton of the Identification and Records Division of the Harris County Sheriff's Department was qualified as a fingerprint examiner and testified that the known fingerprints which he took of the appellant were identical with those in the transcript of records from the Texas Department of Corrections. This was sufficient proof of the prior conviction. Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80, cert. den. 361 U.S. 849, 80 S.Ct. 107, 4 L.Ed.2d 88. In addition, the judgment contained all essential recitations to show waiver of a jury trial on a guilty plea. The judgment and sentence are regular upon their face and are sufficient proof of the prior conviction alleged for enhancement. Brown v. State, Tex.Cr. App., 368 S.W.2d 618; 36.01; 37.07 Vernon's Ann.C.C.P.

■ Appellant also contends that the prior conviction fails for enhancement purposes in that the indictment contains two counts and that appellant was found guilty on the first count but that there is no evidence as to disposition of the second count. The judgment specifies that the appellant was found guilty of indecent exposure with lascivious intent to a child, which was the first count. This was sufficient. Newby v. State, Tex.Cr.App., 384 S.W.2d 133.

The judgment is affirmed.