**Adrian LAMBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41643.**

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

See also, Tex.Cr.App., 432 S.W.2d 902.

James S. Bates, Edinburg, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was convicted, upon his plea of nolo contendere and waiver of a trial by jury, of the offense of burglary and his punishment was assessed at confinement in the Texas Department of Corrections for a term of three years.

No brief was filed by appellant with the clerk of the trial court, as required by Art. 40.09–9, C.C.P. However, he has filed a brief in this court in which he insists that the indictment upon which he stands convicted is void because it fails to allege all of the essential elements of the offense of burglary, as denounced by any of the three articles: 1389, 1390, and 1391 of the Penal Code. Appellant insists that for such reason the indictment is invalid, under the Sixth and Fourteenth Amendments to the Constitution of the United States.

Where no exception or motion to quash an indictment is necessary to raise the question in the trial court, this court will consider the contention that the indictment is void as unassigned error, under the authority of Sec. 13 of Art. 40.09, C.C.P.

The indictment charged that appellant and another person, while acting together, did unlawfully, by force, threats, and fraud, break and enter a house occupied and controlled by Stanley Green, with the intent to commit theft.

Such indictment, though not a model form, is sufficient to charge the offense of burglary. Malazzo v. State, 165 Tex.Cr.R. 441, 308 S.W.2d 29. Having alleged an entry by breaking, it was not neces-

sary to allege the time of entry. 10 Tex. Jur.2d 210, Sec. 53; Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80.

The contention is overruled.

The judgment is affirmed.