**Francis R. LEFEBVRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45688.**

Court of Criminal Appeals of Texas.

Jan. 31, 1973.

Rehearing Denied April 4, 1973.

Jonathan D. Schwartz, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Harry T. Petersen, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of burglary. After the jury returned a verdict of guilty, punishment was assessed by the court at six years.

Appellant contends that the evidence is insufficient to support the conviction.

Celso Lavato, a patrolman for Burns Detective Agency, testified that he checked the Bryman School in El Paso four times on the night of January 26, and the morning of January 27, 1971; that on the fourth inspection, he noticed that a tape placed on one of the doors was missing [1] and observed "a bunch of typewriters, office machines and other bundles" outside the school building. While Lavato was reporting what he had observed to his dispatcher by radio, he observed a person in-

---

1. Lavato described a procedure whereby a piece of tape is placed on the doors and upon subsequent check of the building, the absence of such tape indicates that the door has been opened.

side the building "laying down beside a desk." Upon seeing Lavato, the person inside the school building ran to the back of the building. Shortly thereafter, at about 3:15 A.M., the police arrived. Officer Gonzalez of the El Paso Police Department testified that he went to the back of the building where he found a broken window. Upon entry of the building, Gonzalez observed that "things were scattered all over" and that coin operated machines had been broken into. Gonzalez found appellant in the attic of the building and placed him under arrest. Gonzalez further testified that he found money and money boxes outside the building.

Anthony Oliveri, Director of the Bryman's school, testified that he gave no one permission to enter the building, nor did he give any one permission to break open several doors inside the building that were found opened. Oliveri had gone through the classrooms before leaving the building on the evening of January 26, 1971, and at that time, "the window was not broken." The jury was charged on the law of burglary with the intent to commit theft. In Shelby v. State, 479 S.W.2d 31, where the defendant was found in department store shortly after nidnight, this Court said, "When a person is found in the 'house' of another at night without the consent of the owner, it is presumed that entry was for the purpose of committing theft." See Powell v. State, 475 S.W.2d 934; Green v. State, 435 S.W.2d 513.

 We conclude that the evidence in the instant case is sufficient to support the conviction.

Appellant contends that the court erred in overruling his motion in arrest of judgment in that the indictment did not properly present an offense.

Appellant urges that the indictment was faulty in that the offense of burglary is not charged under Article 1390, Vernon's Ann.P.C., since it fails to state that breaking was in the daytime.

 This Court has held where entry is alleged by breaking, it is not necessary to allege the time of entry. Lambert v. State, 432 S.W.2d 901; Dozier v. State, 318 S. W.2d 80. The indictment charged that appellant did unlawfully break and enter a house occupied and controlled by Anthony Oliveri with the intent to commit theft; the indictment setting forth the elements of the offense of theft. Such indictment is sufficient to charge the offense of burglary. Lambert v. State, supra; Malazzo v. State, 308 S.W.2d 29. See Willson's Texas Criminal Forms, 7th ed., Section 1921.

 In appellant's remaining contentions, it is urged that certain arguments made by the State at the guilt stage of the trial were error. No objection was made to any of the argument now complained of in the trial court. Nothing is presented for review. Verret v. State, 470 S.W.2d 883; Witt v. State, 475 S.W.2d 259; Garcia v. State, 428 S.W.2d 334.

The judgment is affirmed.

Opinion approved by the Court.