Valorie Delois SANDERS, Appellant,

v.

The STATE of Texas, State.

No. 2-81-230-CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 24, 1982.

Discretionary Review Refused
Feb. 16, 1983.

Anderson, Anderson & Rodriguez, and Rosendo Rodriguez, Jr., Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for appellee.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

Appellant, Valorie Delois Sanders, was convicted of criminal attempt to commit murder. V.T.C.A. Penal Code, § 15.01 and § 19.02. The jury imposed punishment of five (5) years imprisonment.

We affirm.

Sanders urges in one ground of error that the trial court erred in overruling her pretrial motion to quash the indictment because it omits the words "but fails", which are included in the criminal attempt statute, [V.T.C.A. Penal Code, § 15.01(a)] and thus fails to charge an essential element of the offense. In another ground of error Sanders maintains that the trial court erred in overruling her objection to the court's jury charge and in failing to grant a limiting instruction relating to the fact that the State's witness had been impeached with a prior theft conviction. Finally, Sanders

urges that the trial court erred in overruling her motion for an instructed verdict because of an alleged fatal variance between the indictment, which alleged the victim's first name "Dewight" and proof at trial which showed the victim's first name to be "Dwight".

Sanders' third ground of error urges that the trial court erred in overruling her pretrial motion to quash the indictment because it omits the words "but fails" which are included in the criminal attempt statute, and thus fails to charge an essential element of the offense, and is therefore fundamentally defective. This complaint also includes the claim that, due to the omission of the words "but fails" from the indictment, Sanders is left with the impression that she has been charged with murdering Dwight Jones, whereas Jones testified at trial and was quite alive at that time.

The indictment reads, in pertinent part: "[V]alorie Delois Sanders on or about the 15th day of June A.D. 1980 and anterior to the presentment of the indictment, in the County of Wichita and State of Texas, did then and there intentionally, with the specific intent to commit the offense of murder of Dewight Jones, do an act, to wit: shoot Dewight Jones with a handgun, and said act amounted to more than mere preparation and tended, to effect, the commission of said murder . . . "

■ Each indictment, to be sufficient, must meet certain requirements. First, it must accuse the defendant of an act constituting an offense. V.A.C.C.P. art. 21.01. Second, it must state all of the elements of the offense charged. V.A.C.C.P. art. 21.03. Third, it must by plain and intelligible words particularize the act charged sufficiently to protect a defendant's right against double jeopardy, and give him notice of precisely what he has been charged so that he may prepare a defense. V.A.C.C.P. art. 21.02; *Terry v. State,* 471 S.W.2d 848, 852 (Tex.Cr.App.1971).

V.T.C.A. Penal Code, § 15.01 creates the statutory offense of criminal attempt. Section 15.01(a) reads as follows:

(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends *but fails* to effect the commission of the offense intended. [Emphasis added.]

"It is not sufficient to say that the accused knew with what offense (s)he was charged; rather we must inquire as to whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare (her) defense." *Haecker v. State,* 571 S.W.2d 920, 921 (Tex.Cr.App.1978). *Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971).

"Element of offense" is defined as follows:

(A) the forbidden conduct

(B) the required culpability

(C) any *required result;* and

(D) the negation of any exception to the offense. [Emphasis added.] V.T.C.A. Penal Code, § 1.07.

Sander's third ground of error raises two questions: Does the indictment omit an essential element of the offense of criminal attempt to commit murder? And, does the indictment set forth, in plain and intelligible language, sufficient information to enable the accused to prepare her defense?

■ Sanders could properly have been indicted and tried for criminal attempt to commit murder even had her victim actually died as a result of her conduct. It is *not an essential element* of the offense of criminal attempt to commit murder *that the attempt fail.* V.T.C.A. Penal Code, § 15.-01(c). If the complained of indictment did leave Sanders with the impression that her victim had actually been murdered, she has still been given sufficient information, in plain and intelligible language, to enable her to prepare her defense.

Returning, to the first question posed in this ground of error, we find that the language of the indictment substantially follows that of the statute creating the offense. See V.T.C.A. Penal Code, § 15.01(a)

and (c). *Reagan v. State,* 423 S.W.2d 335, 337 (Tex.Cr.App.1967) holds that language in an indictment which substantially follows statutory words will ordinarily suffice, if the indictment sufficiently apprises the defendant of the acts she is charged with committing, and the offense with which she is charged. This holding is in accord with V.A.C.C.P. art. 21.17:

> Following statutory words
>
> Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.

[See also; 30 Tex.Jur.2d *Indictment & Information* § 27 (1962).]

We find that the words of the indictment substantially follow the language of the statute and sufficiently apprise Sanders of the acts she is charged with committing and of the offense with which she is charged. No error is shown by the trial court's refusal of the motion to quash the indictment, and this ground of error is overruled.

Sanders complains in her second ground of error that the trial court erred in overruling her objection to the court's charge, and for failing to grant a limiting instruction relating to the fact that the *State's* witness had been impeached with a prior theft conviction by defense counsel.

On cross-examination Sanders had impeached Jones, the State's witness, by proof of a prior theft conviction. Counsel discussed the impeachment of Jones in jury argument; and advised the jury of the limited purpose of this impeaching testimony: to aid the jury, if it did so, in passing on the credibility of the witness. We note that this is essentially the same law which Sanders had requested be included in the jury charge. Furthermore, the defendant may not ask for a limiting instruction, since a criminal defendant may not ask for a limiting instruction on the use of impeachment evidence against a State witness. We sustain the trial court's action overruling Sanders' request for a limiting instruction.

In her first ground of error Sanders contends that the trial court erred in overruling her motion for an instructed verdict because of an alleged fatal variance between the indictment, which alleged the victim's first name was "Dewight", and evidence at trial that the victim spelled his name "Dwight".

Testimony at trial established that the victim, Dwight Jones, spelled his name "Dwight", and not "Dewight". However, Sanders did not raise an issue of whether Jones was a person other than the victim named in the indictment. Nor did she request the court to instruct the jury to resolve an *idem sonans* issue. "The rule is that if an attentive mind finds difficulty in distinguishing the words by the sound, when correctly pronounced, the rule (of *idem sonans*) applies. In such event it is hardly probable that a party at interest has been injured by a difference in the spelling." *Raven v. State,* 149 Tex.Cr.R. 294, 193 S.W.2d 527 (1946). In *Nitcholas v. State,* 524 S.W.2d 689, 690 (Tex.Cr.App. 1975), the *idem sonans* problem involved "Denny" and "Danny". The court stated: "We conclude that the appellant could not have been misled by the complained of variance. No objection was voiced during the trial that the injured party was a person other than the (one) named in the indictments. We find the names to be idem sonans." We note that the rule of *idem sonans* was clarified and refined in *Martin v. State,* 541 S.W.2d 605 (Tex.Cr.App.1976), which held (overruling all previous decisions in conflict) as follows:

> "The reasons for the disharmony in the case law on idem sonans are not difficult to discern. The rule depends for its application on the intricacies and foibles of articulated speech; its application must suffer the consequences of accents, dialects, and the peculiarities of localized or personalized pronunciations. It is difficult in the preparation of an appellate record for a court reporter to accurately describe on a printed page the nuances of sound in a witness's articulation of a

name. Even on those occasions when a witness is asked to sound out a name phonetically, it is not easy to capture on paper the accent with which the witness spoke.

Inasmuch as appellate courts are now limited to reading a "cold" record,. they are rarely in a position to make a truly informed determination of whether two names could be or were pronounced to sound the same. We conclude that the resolution of questions involving the rule of idem sonans should be limited primarily to the trier of the facts. A trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the better position to determine whether or not the names are or can be sounded the same; *Fowler v. State,* 379 S.W.2d 345 (Tex.Cr.App.1964); *Jones v. State,* [115 Tex.Cr.R. 418, 27 S.W.2d 653], supra; we will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was mislead to his prejudice.

When the issue of idem sonans arises at trial, if the trial is before the court, it is a question of fact for the trial judge. If, before a jury, a fact issue requiring the application of the rule of idem sonans is raised by the testimony, the court, at the request of the defendant, should instruct the jury to resolve the issue. *Jones v. State,* supra; *Fowler v. State,* supra; *Rodriguez v. State,* 363 S.W.2d 472 (Tex.Cr. App.1963); *Weitzel v. State,* 28 Tex.App. 523, 13 S.W. 864 (1890).

In the case at bar, although the complainant was asked and did spell her name during the hearing of a pretrial motion on another matter, the appellant first brought the trial court's attention to the variance between "Dina" and "Dianna" in a motion for directed verdict at the conclusion of the trial on guilt or innocence. The trial judge had heard the names pronounced and overruled the motion for directed verdict. Appellant did not request that the question of variance be submitted to the jury. The evidence does not show that the names "Dina" and "Dianna" are patently incapable of being sounded the same, or that the appellant was misled to his prejudice; therefore, we will not disturb the court's ruling."

■ We hold that the names "Dewight" and "Dwight" were not shown by evidence to be patently incapable of being sounded the same; that the attentive mind would not find difficulty in distinguishing the words by the sound, when correctly pronounced; that Sanders could not have been misled by the complained of variance; and that Sanders would have no difficulty in pleading former jeopardy, if subsequently indicted for the same offense. Each ground of error has been severally considered and each is overruled.

Affirmed.