NO. 07-06-0242-CR


 07-06-0243-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 15, 2006


 ______________________________



ALBERT V. JESSUP, (1) APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,244-A, 51,225-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION
 

 Appellant Albert V. Jessup, appearing pro se, appeals his felony convictions of
possession of child pornography. On April 17, 2006, the court signed orders deferring
adjudication and granting community supervision to appellant. On the same day, the trial
court's certifications indicated this "is a plea-bargain case, and the defendant has NO right
of appeal" and that the "defendant has waived the right of appeal." On May 16, 2006, the
trial court signed orders, nunc pro tunc, again deferring adjudication and granting
community supervision to appellant for the possession of child pornography convictions. 
On June 19, 2006, the trial court again entered its certifications that this "is a plea-bargain
case, and the defendant has NO right of appeal" and that "the defendant has waived the
right of appeal." 

 On June 15, 2006, appellant filed his notice of appeal in both cases. On August 21,
2006, appellant filed his brief. By letter dated August 21, 2006, this Court notified appellant
the "referenced appeals are subject to dismissal based on the certifications unless the
Court receives amended certifications providing that you have the right of appeal or you
demonstrate other grounds for continuing the appeals, on or before August 31, 2006" and
cited appellant to Rule 25.2 of the Texas Rules of Appellate Procedure.

 Appellant responded by filing a supplemental and amended notice of appeal, and
a motion requesting additional time to file an amended brief. Appellant's filed documents
indicate additional briefing is necessary "due to claims of ineffective assistance of counsel
that effected [sic] the voluntariness of defendant's plea made pursuant to a plea
agreement; and of jurisdictional matters in accordance with Tx. Code of Crim. Proc., Art.
1.15 . . . ." Neither of the documents filed addresses the trial court's certifications that
appellant has no right of appeal. TEX. R. APP. P. 25.2(a)(2), (d); see also Cooper v. State,
45 S.W.3d 77, 83 (Tex.Crim.App. 2001); Carender v. State, 155 S.W.3d 929, 931
(Tex.App.-Dallas 2005, no pet.) (Rule 25.2(b) does not permit plea-bargaining defendant
to appeal voluntariness of plea). Because the trial court's certifications affirmatively show
this is a plea bargain case and appellant waived his right of appeal and because the record
supports the trial court's certifications, we must dismiss this appeal. See Monreal v. State,
99 S.W.3d 615, 617 (Tex.Crim.App. 2003) (valid waiver of appeal prevents defendant from
appealing without the trial court's consent); Stowe v. State, 124 S.W.3d 228, 234 (Tex.
App.-El Paso 2003, no pet.) ("[a] defendant in a noncapital case may waive any right
secured him by law, including his right to appeal").

 Accordingly, the appeals are dismissed. Appellant's motion for an extension of time
to file an amended brief is denied as moot. 


 James T. Campbell

 Justice



Do not publish. 

 
1. This Court will follow the spelling of appellant's name as it appears in the trial
court's records.



evidence establishing the other elements of the offense.

 In a factual sufficiency review, we must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the defendant guilty
beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App.
2004). There are two ways in which the evidence may be factually insufficient. First, when
considered by itself, the evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence,
the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard
could not have been met. Id. at 484-85. However, the court reviewing the factual
sufficiency of the evidence must give proper deference to the fact finder's determinations
and may not substitute its judgment for that of the fact finder. Id. at 481-82. If we conclude
that the evidence was factually sufficient to support the conviction, we must address
appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant contends that the evidence showed that his actions on the night of the
accident were motivated by an attempt to take reasonable steps to report the accident to
the police. This contention was hotly contested by the State. However, whether appellant
took reasonable steps to cooperate with or provide information as part of the police
investigation is not relevant to whether the evidence was factually sufficient to establish
that appellant failed to take reasonable steps to notify the property owner.

 The facts of appellant's notification of the property owner are not in dispute. At the
time of the accident, appellant made no attempt to contact the owner of the fence. 
Appellant made no attempt to contact the owner of the fence throughout October 30th. 
Appellant did contact the owner, by telephone, during the afternoon of October 31st,
between 36 and 38 hours after the accident. Appellant's argument acknowledges this
evidence and then summarily concludes that this evidence was "clearly not factually
sufficient" to prove that he failed to take reasonable steps to notify the property owner. We
disagree. 

 By its verdict, the jury found that appellant failed to take reasonable steps to notify
the property owner. As the undisputed evidence was that appellant failed to notify the
property owner until 36 to 38 hours after the accident, the jury, by its verdict, impliedly
found that a 36 to 38 hour delay was unreasonable. Appellant does not challenge the
sufficiency of the evidence establishing that there was a 36 to 38 hour delay in his
notification to the property owner; rather, appellant's contention is that notification within
36 to 38 hours constitutes "reasonable steps" under section 550.025. Clearly the evidence
was sufficient to prove the delay. We will not substitute our judgment for that of the jury
as to whether a 36 to 38 hour delay constitutes "reasonable steps." We overrule
appellant's issue.

Information

 Section 550.025 makes it a criminal offense to fail to take reasonable steps to notify
a property owner or the person in charge of property after an operator of a vehicle is
"involved in an accident resulting only in damage to a fixture or landscaping legally on or
adjacent to a highway . . . ." § 550.025(a). The information that was filed in this case
alleges that appellant drove a vehicle "that became involved in an accident resulting in
damage to a fixture or landscaping . . . legally on or adjacent to a highway . . . ." Appellant
contends that, because the information failed to allege that the accident resulted only in
damage to a fixture or landscaping, the information failed to allege an offense. 

 The presentment of an indictment or information to a court invests the court with
jurisdiction over the cause. Tex. Const. art. V, § 12; Ex parte Long, 910 S.W.2d 485, 486
(Tex.Crim.App. 1995). After jurisdiction vests, a defendant has a duty to object to any
defects in the charging instrument, whether of form or substance, or they are waived. Tex.
Crim. Proc. Code Ann. art. 1.14 (Vernon 2005); Ex parte Long, 910 S.W.2d at 486. In the
present case, appellant preserved error in the information, if any, by filing a pretrial motion
to set aside the information.

 An appellate court reviews the sufficiency of a charging instrument de novo. See
State v. Hoffman, 999 S.W.2d 573, 574 (Tex.App.-Austin 1999, no pet.). A charging
instrument will be deemed sufficient if it "charges the commission of the offense in ordinary
and concise language in such a manner as to enable a person of common understanding
to know what is meant, and with that degree of certainty that will give the defendant notice
of the particular offense with which he is charged . . . ." Tex. Crim. Proc. Code Ann. art.
21.11 (Vernon 1989). A charging instrument which substantially follows statutory language
will ordinarily be sufficient, so long as the instrument sufficiently apprises the defendant of
the acts he is charged with committing and the offense with which he is charged. Sanders
v. State, 642 S.W.2d 860, 863 (Tex.App.-Fort Worth 1982, writ ref'd) (citing Reagan v.
State, 423 S.W.2d 335, 337 (Tex.Crim.App. 1967)). For appellant to successfully
challenge the trial court's failure to set aside the information, he must prove that he was
harmed as a result of the information's deficiency. See Labelle v. State, 720 S.W.2d 101,
107-08 (Tex.Crim.App. 1986). 

 In the present case, the information substantially tracked the language of section
550.025. Appellant's sole complaint is that the information failed to allege that the accident
resulted only in damage to a fixture. However, the information alleged only damage to a
fixture: a wooden fence. Further, appellant has failed to prove that he was harmed by the
alleged deficiency of the information. (2) Our review of the record, including appellant's
motion to set aside the information, (3) clearly illustrates that appellant was aware of the
offense for which he was charged and the acts upon which the charge was predicated. As
a result, we conclude that the information was sufficient to apprise appellant of the acts he
was charged with committing and the offense with which he was charged. See Sanders,
642 S.W.2d at 863. Therefore, we overrule appellant's issue.

Void for Vagueness

 As mentioned previously, a person involved in an accident in which a fixture or
landscaping on or adjacent to a highway is struck must take reasonable steps to locate and
notify the owner or person in charge of the property of the accident. § 550.025(a)(1). 
Appellant contends that section 550.025 is void for vagueness on its face because it
violates the Fourteenth Amendment of the United States Constitution. Specifically,
appellant contends that the phrase "reasonable steps," which is not defined by the statute,
is unconstitutionally vague because it fails to provide fair notice of the forbidden conduct. 
Appellant advances no argument, at trial or on appeal, that the statute was
unconstitutionally vague as applied to him.

 When reviewing the constitutionality of a statute, we begin with the presumption that
the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting
it. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978). The burden of proving
the challenged statute unconstitutional rests on the party asserting the challenge. Id. We
will uphold a statute if it can be reasonably construed in a manner that will render it
constitutional. See Ely v. State, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979). When First
Amendment rights are not implicated, a criminal statute is unconstitutionally vague unless
it gives a person of ordinary intelligence reasonable notice of what is prohibited or required
and establishes determinate guidelines for law enforcement. See Grayned v. City of
Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Long v. State, 931
S.W.2d 285, 287 (Tex.Crim.App. 1996). 

 While criminal statutes must be scrutinized with particular care, City of Houston v.
Hill, 482 U.S. 451, 459, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), a statute provides fair
notice of prohibited or required conduct and adequate guidelines for law enforcement if it
communicates its reach in words of common understanding. See State v. Markovich, 77
S.W.3d 274, 280 (Tex.Crim.App. 2002). A statute is not rendered vague or indefinite
merely because its words or phrases are not specifically defined. State v. Edmond, 933
S.W.2d 120, 126 (Tex.Crim.App. 1996). Terms that are not defined in a statute are to be
given their plain and ordinary meaning. Floyd v. State, 575 S.W.2d 21, 23 (Tex.Crim.App.
1978). When a statute is challenged as being unconstitutionally vague and no First
Amendment rights are involved, the reviewing court need only scrutinize the statute to
determine whether it is impermissibly vague as applied to the challenging party's specific
conduct. Bynum v. State, 767 S.W.2d 769, 774 (Tex.Crim.App. 1989). When challenging
the constitutionality of a statute, a defendant must first make a showing that the statute is
unconstitutional as applied to him; that it may be unconstitutional as to others is not
sufficient. See Santikos v. State, 836 S.W.2d 631, 633 (Tex.Crim.App. 1992) (op. on
reh'g); Bynum, 767 S.W.2d at 774.

 In the present case, appellant has failed to identify how section 550.025 was
unconstitutionally vague as applied to him. In his brief, appellant compares the notice
required under section 550.025 to the notice required under section 550.024 and
concludes that section 550.025 is comparatively vague. (4) Additionally, appellant challenges
section 550.025 as unconstitutionally vague because it provides no deadline for the
required notice, does not identify whether the notice may be provided telephonically or in
writing, and does not indicate whether providing the required information to the police is
sufficient. While we believe that the statute does address each of these issues by
establishing a reasonable person standard, appellant's argument is limited to whether the
statute is valid facially. Appellant failed to present evidence at trial and fails to contend on
appeal that a person of ordinary intelligence would believe that a 36 to 38 hour delay in
reporting an accident, in the present circumstances, would constitute "reasonable steps,"
as required by the statute. (5) As such, appellant has failed to identify how section 550.025
was unconstitutionally vague as applied to him. Accordingly, we conclude that, by failing
to establish that section 550.025 was unconstitutionally vague as applied to him, appellant
has waived his challenge to the statute. See Santikos, 836 S.W.2d at 633; Bynum, 767
S.W.2d at 774. Therefore, we overrule appellant's issue.



Conclusion

 Finding no proof of reversible error, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice



Quinn, C.J., concurring as to result. 




Publish. 

 

1. Further reference to a provision of the Texas Transportation Code will be by
reference to "section __" or "§ __."
2. Appellant asserts that he was harmed when the jury was charged with an
application paragraph which omitted the requirement that damage was caused only to
landscaping or a fixture. However, appellant failed to object to this alleged defect in the
charge. Therefore, any error in the jury charge would have to have been so egregious that
it deprived appellant of a "fair and impartial trial." Almanza v. State, 686 S.W.2d 157, 160,
172 (Tex.Crim.App.1984). We conclude that the omission of the word "only" in this charge
was not such an egregious error as to have deprived appellant of a fair and impartial trial.
3. In appellant's motion, he cites section 550.025 to establish that the information
omitted the word "only." Thus, it is clear that appellant was aware of the offense with which
he was charged.
4. While we conclude that appellant has no standing to challenge Section 550.025 as
facially vague, we note that differences in the nature of the damaged property covered by
sections 550.024 and 550.025 necessitate that the statutes differ. Section 550.024
provides that the operator of a vehicle that damages an unattended vehicle shall
"immediately" provide the statutory notice to the owner of the unattended vehicle. 
However, in the instance of fixtures or landscaping on or near a highway that is "owned"
by the State of Texas, immediate notice would rarely be possible. However, when
immediate notice can be and is given, the duty to take reasonable steps to notify the owner
of the damaged property has been discharged. As such, the "immediate" notice required
by section 550.024 is subsumed within the "reasonable steps" requirement of section
550.025. 

 Additionally, the written notice authorized by section 550.024 would generally be
impracticable when the damaged property is a fixture or landscaping. Again, in the
instances of fixtures or landscapiing owned by the State, allowing an operator of a vehicle
that strikes that property to leave written notice at the scene of the accident would
generally fail to provide any efficacious notice to the State. Further, determining how one
would leave written notice in a conspicuous place or would securely attach notice in a
plainly visible way to fixtures or landscaping would present separate problems of clarity. 
However, as the present circumstances were such that appellant could have left written
notice in a conspicuous place or securely attached written notice in a plainly visible way,
had he done so, we believe that such action would have been evidence that appellant took
reasonable steps to provide the statutory notice.
5. Appellant summarily contends, as part of his factual sufficiency challenge, that
providing the statutorily required notice within 36 to 38 hours should constitute "reasonable
steps." However, appellant does not contend that a person of ordinary intelligence in the
circumstances that he was in would have believed that providing the statutory notice 36 to
38 hours after the accident would constitute taking "reasonable steps" under the statute. 
To show that the statute was unconstitutionally vague as applied to him, this was
appellant's burden. See Ex parte Granviel, 561 S.W.2d at 511.