NO. 07-05-0404-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 11, 2006


______________________________



BRETT THOMAS BAIRD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY CRIMINAL COURT OF DENTON COUNTY;



NO. 2004-09096-C; HONORABLE DAVID D. GARCIA, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

OPINION


 Appellant, Brett Thomas Baird, appeals his conviction for violation of duty upon
striking a fixture or landscaping legally on or adjacent to a highway. Appellant was
sentenced to 120 days incarceration in the Denton County Jail, probated for 15 months,
and fined $1,000. We affirm.



Background

 At or about 12:30 a.m., on Saturday, October 30, 2004, appellant lost control of the
vehicle he was driving, jumped a curb, and struck a fence. The accident caused significant
damage to the fence and appellant's vehicle. Following the accident, appellant made a
brief inspection of the area and then moved his car down the street. As the accident
occurred near appellant's home, appellant abandoned his car and walked to his house. 
Soon after appellant arrived at his home, a police officer knocked on his door. When
appellant answered the door, he immediately acknowledged that he had been involved in
an accident and informed the officer where his car was located. 

 On Sunday afternoon, appellant phoned the owner of the fence and provided the
owner with his name, address, and phone numbers. Appellant later reported the incident
to his insurance company, who paid to repair the damage to the fence.

 Subsequently, appellant was charged with committing the offense of violation of duty
upon striking a fixture or landscaping legally on or adjacent to a highway. See Tex.
Transp. Code Ann. § 550.025 (Vernon 1999). (1) Prior to trial, appellant filed a motion to
declare section 550.025 unconstitutionally void for vagueness and a motion to set aside
the information. Appellant's contention in support of his constitutional challenge was that
section 550.025, by indicating only that reasonable steps must be taken to provide the
owner of the damaged property certain information, failed to provide fair notice of the
conduct that was required. Appellant's contention in support of his motion to set aside the
information was that the information omitted the word "only" and, therefore, failed to state
an offense. The trial court denied each of these motions. Following a jury trial, appellant
was convicted of the charged offense. 

 By three issues, appellant appeals. In the order that we will address these issues,
appellant contends that (1) the evidence was factually insufficient to support his conviction,
(2) the trial court erred in denying appellant's motion to set aside the information, and (3)
the trial court erred in denying appellant's motion to declare section 550.025
unconstitutional. 

Factual Sufficiency

 Appellant contends that the evidence presented at his trial was factually insufficient
to support his conviction. Specifically, appellant alleges that the evidence failed to prove,
beyond a reasonable doubt, that he failed to take "reasonable steps" to provide the owner
of the damaged property with the statutorily required information. Appellant does not
challenge the sufficiency of the evidence establishing the other elements of the offense.

 In a factual sufficiency review, we must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the defendant guilty
beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App.
2004). There are two ways in which the evidence may be factually insufficient. First, when
considered by itself, the evidence supporting the verdict may be too weak to support the
finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence,
the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard
could not have been met. Id. at 484-85. However, the court reviewing the factual
sufficiency of the evidence must give proper deference to the fact finder's determinations
and may not substitute its judgment for that of the fact finder. Id. at 481-82. If we conclude
that the evidence was factually sufficient to support the conviction, we must address
appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Appellant contends that the evidence showed that his actions on the night of the
accident were motivated by an attempt to take reasonable steps to report the accident to
the police. This contention was hotly contested by the State. However, whether appellant
took reasonable steps to cooperate with or provide information as part of the police
investigation is not relevant to whether the evidence was factually sufficient to establish
that appellant failed to take reasonable steps to notify the property owner.

 The facts of appellant's notification of the property owner are not in dispute. At the
time of the accident, appellant made no attempt to contact the owner of the fence. 
Appellant made no attempt to contact the owner of the fence throughout October 30th. 
Appellant did contact the owner, by telephone, during the afternoon of October 31st,
between 36 and 38 hours after the accident. Appellant's argument acknowledges this
evidence and then summarily concludes that this evidence was "clearly not factually
sufficient" to prove that he failed to take reasonable steps to notify the property owner. We
disagree. 

 By its verdict, the jury found that appellant failed to take reasonable steps to notify
the property owner. As the undisputed evidence was that appellant failed to notify the
property owner until 36 to 38 hours after the accident, the jury, by its verdict, impliedly
found that a 36 to 38 hour delay was unreasonable. Appellant does not challenge the
sufficiency of the evidence establishing that there was a 36 to 38 hour delay in his
notification to the property owner; rather, appellant's contention is that notification within
36 to 38 hours constitutes "reasonable steps" under section 550.025. Clearly the evidence
was sufficient to prove the delay. We will not substitute our judgment for that of the jury
as to whether a 36 to 38 hour delay constitutes "reasonable steps." We overrule
appellant's issue.

Information

 Section 550.025 makes it a criminal offense to fail to take reasonable steps to notify
a property owner or the person in charge of property after an operator of a vehicle is
"involved in an accident resulting only in damage to a fixture or landscaping legally on or
adjacent to a highway . . . ." § 550.025(a). The information that was filed in this case
alleges that appellant drove a vehicle "that became involved in an accident resulting in
damage to a fixture or landscaping . . . legally on or adjacent to a highway . . . ." Appellant
contends that, because the information failed to allege that the accident resulted only in
damage to a fixture or landscaping, the information failed to allege an offense. 

 The presentment of an indictment or information to a court invests the court with
jurisdiction over the cause. Tex. Const. art. V, § 12; Ex parte Long, 910 S.W.2d 485, 486
(Tex.Crim.App. 1995). After jurisdiction vests, a defendant has a duty to object to any
defects in the charging instrument, whether of form or substance, or they are waived. Tex.
Crim. Proc. Code Ann. art. 1.14 (Vernon 2005); Ex parte Long, 910 S.W.2d at 486. In the
present case, appellant preserved error in the information, if any, by filing a pretrial motion
to set aside the information.

 An appellate court reviews the sufficiency of a charging instrument de novo. See
State v. Hoffman, 999 S.W.2d 573, 574 (Tex.App.-Austin 1999, no pet.). A charging
instrument will be deemed sufficient if it "charges the commission of the offense in ordinary
and concise language in such a manner as to enable a person of common understanding
to know what is meant, and with that degree of certainty that will give the defendant notice
of the particular offense with which he is charged . . . ." Tex. Crim. Proc. Code Ann. art.
21.11 (Vernon 1989). A charging instrument which substantially follows statutory language
will ordinarily be sufficient, so long as the instrument sufficiently apprises the defendant of
the acts he is charged with committing and the offense with which he is charged. Sanders
v. State, 642 S.W.2d 860, 863 (Tex.App.-Fort Worth 1982, writ ref'd) (citing Reagan v.
State, 423 S.W.2d 335, 337 (Tex.Crim.App. 1967)). For appellant to successfully
challenge the trial court's failure to set aside the information, he must prove that he was
harmed as a result of the information's deficiency. See Labelle v. State, 720 S.W.2d 101,
107-08 (Tex.Crim.App. 1986). 

 In the present case, the information substantially tracked the language of section
550.025. Appellant's sole complaint is that the information failed to allege that the accident
resulted only in damage to a fixture. However, the information alleged only damage to a
fixture: a wooden fence. Further, appellant has failed to prove that he was harmed by the
alleged deficiency of the information. (2) Our review of the record, including appellant's
motion to set aside the information, (3) clearly illustrates that appellant was aware of the
offense for which he was charged and the acts upon which the charge was predicated. As
a result, we conclude that the information was sufficient to apprise appellant of the acts he
was charged with committing and the offense with which he was charged. See Sanders,
642 S.W.2d at 863. Therefore, we overrule appellant's issue.

Void for Vagueness

 As mentioned previously, a person involved in an accident in which a fixture or
landscaping on or adjacent to a highway is struck must take reasonable steps to locate and
notify the owner or person in charge of the property of the accident. § 550.025(a)(1). 
Appellant contends that section 550.025 is void for vagueness on its face because it
violates the Fourteenth Amendment of the United States Constitution. Specifically,
appellant contends that the phrase "reasonable steps," which is not defined by the statute,
is unconstitutionally vague because it fails to provide fair notice of the forbidden conduct. 
Appellant advances no argument, at trial or on appeal, that the statute was
unconstitutionally vague as applied to him.

 When reviewing the constitutionality of a statute, we begin with the presumption that
the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting
it. Ex parte Granviel, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978). The burden of proving
the challenged statute unconstitutional rests on the party asserting the challenge. Id. We
will uphold a statute if it can be reasonably construed in a manner that will render it
constitutional. See Ely v. State, 582 S.W.2d 416, 419 (Tex.Crim.App. 1979). When First
Amendment rights are not implicated, a criminal statute is unconstitutionally vague unless
it gives a person of ordinary intelligence reasonable notice of what is prohibited or required
and establishes determinate guidelines for law enforcement. See Grayned v. City of
Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Long v. State, 931
S.W.2d 285, 287 (Tex.Crim.App. 1996). 

 While criminal statutes must be scrutinized with particular care, City of Houston v.
Hill, 482 U.S. 451, 459, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), a statute provides fair
notice of prohibited or required conduct and adequate guidelines for law enforcement if it
communicates its reach in words of common understanding. See State v. Markovich, 77
S.W.3d 274, 280 (Tex.Crim.App. 2002). A statute is not rendered vague or indefinite
merely because its words or phrases are not specifically defined. State v. Edmond, 933
S.W.2d 120, 126 (Tex.Crim.App. 1996). Terms that are not defined in a statute are to be
given their plain and ordinary meaning. Floyd v. State, 575 S.W.2d 21, 23 (Tex.Crim.App.
1978). When a statute is challenged as being unconstitutionally vague and no First
Amendment rights are involved, the reviewing court need only scrutinize the statute to
determine whether it is impermissibly vague as applied to the challenging party's specific
conduct. Bynum v. State, 767 S.W.2d 769, 774 (Tex.Crim.App. 1989). When challenging
the constitutionality of a statute, a defendant must first make a showing that the statute is
unconstitutional as applied to him; that it may be unconstitutional as to others is not
sufficient. See Santikos v. State, 836 S.W.2d 631, 633 (Tex.Crim.App. 1992) (op. on
reh'g); Bynum, 767 S.W.2d at 774.

 In the present case, appellant has failed to identify how section 550.025 was
unconstitutionally vague as applied to him. In his brief, appellant compares the notice
required under section 550.025 to the notice required under section 550.024 and
concludes that section 550.025 is comparatively vague. (4) Additionally, appellant challenges
section 550.025 as unconstitutionally vague because it provides no deadline for the
required notice, does not identify whether the notice may be provided telephonically or in
writing, and does not indicate whether providing the required information to the police is
sufficient. While we believe that the statute does address each of these issues by
establishing a reasonable person standard, appellant's argument is limited to whether the
statute is valid facially. Appellant failed to present evidence at trial and fails to contend on
appeal that a person of ordinary intelligence would believe that a 36 to 38 hour delay in
reporting an accident, in the present circumstances, would constitute "reasonable steps,"
as required by the statute. (5) As such, appellant has failed to identify how section 550.025
was unconstitutionally vague as applied to him. Accordingly, we conclude that, by failing
to establish that section 550.025 was unconstitutionally vague as applied to him, appellant
has waived his challenge to the statute. See Santikos, 836 S.W.2d at 633; Bynum, 767
S.W.2d at 774. Therefore, we overrule appellant's issue.



Conclusion

 Finding no proof of reversible error, we affirm the judgment of the trial court.


 Mackey K. Hancock

 Justice



Quinn, C.J., concurring as to result. 




Publish. 

 

1. Further reference to a provision of the Texas Transportation Code will be by
reference to "section __" or "§ __."
2. Appellant asserts that he was harmed when the jury was charged with an
application paragraph which omitted the requirement that damage was caused only to
landscaping or a fixture. However, appellant failed to object to this alleged defect in the
charge. Therefore, any error in the jury charge would have to have been so egregious that
it deprived appellant of a "fair and impartial trial." Almanza v. State, 686 S.W.2d 157, 160,
172 (Tex.Crim.App.1984). We conclude that the omission of the word "only" in this charge
was not such an egregious error as to have deprived appellant of a fair and impartial trial.
3. In appellant's motion, he cites section 550.025 to establish that the information
omitted the word "only." Thus, it is clear that appellant was aware of the offense with which
he was charged.
4. While we conclude that appellant has no standing to challenge Section 550.025 as
facially vague, we note that differences in the nature of the damaged property covered by
sections 550.024 and 550.025 necessitate that the statutes differ. Section 550.024
provides that the operator of a vehicle that damages an unattended vehicle shall
"immediately" provide the statutory notice to the owner of the unattended vehicle. 
However, in the instance of fixtures or landscaping on or near a highway that is "owned"
by the State of Texas, immediate notice would rarely be possible. However, when
immediate notice can be and is given, the duty to take reasonable steps to notify the owner
of the damaged property has been discharged. As such, the "immediate" notice required
by section 550.024 is subsumed within the "reasonable steps" requirement of section
550.025. 

 Additionally, the written notice authorized by section 550.024 would generally be
impracticable when the damaged property is a fixture or landscaping. Again, in the
instances of fixtures or landscapiing owned by the State, allowing an operator of a vehicle
that strikes that property to leave written notice at the scene of the accident would
generally fail to provide any efficacious notice to the State. Further, determining how one
would leave written notice in a conspicuous place or would securely attach notice in a
plainly visible way to fixtures or landscaping would present separate problems of clarity. 
However, as the present circumstances were such that appellant could have left written
notice in a conspicuous place or securely attached written notice in a plainly visible way,
had he done so, we believe that such action would have been evidence that appellant took
reasonable steps to provide the statutory notice.
5. Appellant summarily contends, as part of his factual sufficiency challenge, that
providing the statutorily required notice within 36 to 38 hours should constitute "reasonable
steps." However, appellant does not contend that a person of ordinary intelligence in the
circumstances that he was in would have believed that providing the statutory notice 36 to
38 hours after the accident would constitute taking "reasonable steps" under the statute. 
To show that the statute was unconstitutionally vague as applied to him, this was
appellant's burden. See Ex parte Granviel, 561 S.W.2d at 511.


ogether;
 page-break-after:avoid;
 mso-outline-level:6;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;
 font-style:italic;}
p.MsoHeading7, li.MsoHeading7, div.MsoHeading7
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 7 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
span.MsoEndnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoEndnoteText, li.MsoEndnoteText, div.MsoEndnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Endnote Text Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
a:link, span.MsoHyperlink
 {mso-style-priority:99;
 color:blue;
 text-decoration:underline;
 text-underline:single;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.EndnoteTextChar
 {mso-style-name:"Endnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Endnote Text";
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-bidi-language:EN-US;}
span.pmterms11
 {mso-style-name:pmterms11;
 mso-style-unhide:no;
 color:black;
 font-weight:bold;
 font-style:normal;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0043-CV%20%20Opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0043-CV%20%20Opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0043-CV%20%20Opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0043-CV%20%20Opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0043-CV%20%20Opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO. 07-10-0043-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C 

 

 AUGUST 17, 2011



 

 



 

 

UNITED SUPERMARKETS, L.L.C., APPELLANT

 

v.

 

SANDRA RAMIREZ, APPELLEE 



 

 



 

 FROM THE 99TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2005-545,560; HONORABLE WILLIAM C. SOWDER, JUDGE



 

 



 

Before QUINN, C.J., and HANCOCK and
PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, United
Supermarkets, L.L.C., appeals
the trial court's order denying its application to vacate, modify, or correct
an arbitration award in favor of Appellee, Sandra Ramirez.  In a single issue, United asserts the trial
court erred in entering an award premised on the finding by Arbitrator Frank E.
Murchison that United was liable for Ramirez's injuries under a premises
liability theory without also finding United had actual or constructive
knowledge of a dangerous condition.  We affirm.  

Background

            In December 2008, Ramirez filed her
original petition asserting United was liable for injuries she sustained when
she slipped on ice while stocking a freezer. 
Thereafter, Ramirez and United agreed to arbitration.

            In
November 2009, an arbitration proceeding was held, and in December, the Arbitrator
issued his report and award.  The
Arbitrator found in Ramirez's favor and awarded damages to Ramirez because United
was negligent (1) under a business invitee premises liability theory and (2) in
failing to provide Ramirez a safe place to work in connection with the risk of
slipping on ice buildup in the walk-in freezer. 


            In
January 2010, United filed an application to vacate, modify or correct the Arbitrator's
award.  In its application, United only asserted
that the Arbitrator's award was contrary to Texas law asserting that actual or
constructive knowledge is necessary to support Ramirez's claim of negligence
under a premises liability theory.  The
trial court denied United's application and this appeal followed.

Analysis

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure requires, among other things, that the record show that the
trial court "ruled on [a] request, objection, or motion, either expressly
or implicitly" before a complaint may be presented for appellate
review.  Tex. R. App. P. 33.1(a)(2)(A).  If an
argument is presented for the first time on appeal, it is waived.  See Marine Transport Corp. v. Methodist Hospital, 221 S.W.3d 138,
147 n.3 (Tex.App.--Houston [1st Dist.] 2006, no pet.).  Because United's application did not
challenge the Arbitrator's determination that United was negligent in failing to
provide Ramirez a safe place to work in connection with the risk of slipping on
ice buildup in the walk-in freezer, this issue was not preserved our review.  

            Because
the trial court's denial of United's application, as well as the Arbitrator's
award, may have been based upon a single ground not specifically challenged by
United before the trial court and, therefore, waived on appeal, the trial
court's order must stand.  See Malooly Brothers, Inc. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970); Reese v. Beaumont Bank, N.A., 790 S.W.2d 801, 804-05
(Tex.App.--Beaumont 1990, no pet.); Rodriguez
v. Morgan, 584 S.W.2d 558, 559 (Tex.Civ.App.--Austin 1979, writ ref'd
n.r.e.).  Accordingly, United's
single issue is overruled.

Conclusion

            The
trial court's denial of United's application is affirmed.  

                                                                                                

Patrick
A. Pirtle

      Justice